Clyde R. Royals, Sr. v. Commissioner.
Royals v. Commissioner
Docket No. 46957.
United States Tax Court
T.C. Memo 1955-62; 1955 Tax Ct. Memo LEXIS 279; 14 T.C.M. (CCH) 199; T.C.M. (RIA) 55062; March 15, 1955
*279 From 1940 to 1947, inclusive, petitioner received income from a hauling and construction business, a motor service company, farms, and rental property. He diverted a part of the income from such sources into a personal bank account and did not report the income deposited therein on his income tax returns during the 8-year period. He conceded that he substantially understated his true taxable income each year as determined by respondent. In four of such years the amount of such understatement was from 147 per cent to 922 per cent of reported income. Held, petitioner's understatements of income for the years 1940 to 1947, inclusive, were due to fraud with intent to evade tax; and assessment and collection of the deficiencies are, therefore, not barred by the statute of limitation. Kenneth G. Cumming, Esq., and Richard T. Yates, Esq., for the petitioner. Robert E. Johnson, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in taxes and penalties under section 293(b) of the 1939 Code determined by respondent as follows: Section
293(b)
Year
Tax
Deficiency
Penalty
1940
Income
$ 380.26
$ 190.13
1941
Income
199.78
99.89
1942
Income
10,094.17
5,047.09
1943
Income and
Victory
10,984.51
5,492.26
1944
Income
3,007.21
1,503.61
1945
Income
2,446.10
1,223.05
1946
Income
16,423.68
8,211.84
1947
Income
8,864.37
4,432.19
$52,400.08
$26,200.06
*280 Petitioner conceded his liability for the deficiencies as determined by respondent if assessment and collection of such deficiencies are not barred by the statute of limitation. The issues are: (1) whether the deficiencies were due to fraud with intent to evade tax; and (2) if not, whether the amount of income which the petitioner failed to report for 1947 was in excess of 25 per cent of the amount of gross income stated on his return for that year. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. Petitioner was a resident of Hampton, Virginia, during the years in issue and filed individual tax returns for such years with the collector of internal revenue for the district of Virginia. On December 3, 1946, he filed an amended return for the taxable year 1945 with such collector. Petitioner had only a limited education and, prior to 1935, had worked in an automobile garage. In that year he began operating a motor repair service for himself. During the years in issue, he owned a trucking and construction business, a motor service company, farms, and rental real estate, from all of which he *281 derived income. Petitioner maintained a double entry set of books for his various business ventures and employed competent bookkeepers to maintain such books during the years in issue. He supervised their work generally and any questions concerning the handling of specific items of income or expense were referred to him by the bookkeepers. Petitioner also maintained separate bank accounts for his various business ventures and, in addition, maintained a personal bank account. During the years in issue, petitioner caused to be deposited in such personal account a part of the proceeds received from his various businesses. The only records maintained on sums deposited in such account were check stubs, bank statements, and duplicate deposit slips. The record does not show by whom petitioner's return for the year 1940 was prepared. His bookkeeper prepared his return for 1941, and independent accountants prepared the returns for the remaining years in issue. Petitioner's bookkeepers collected and prepared the information which the accountants used in making such returns. The bookkeepers did not include in such information the amounts of income deposited in petitioner's personal bank account. *282 Petitioner inspected his returns for all of the years in issue and signed and filed them. Set forth below are the amounts of income reported by petitioner on his returns, the amounts of income which respondent determined petitioner received and which petitioner concedes he should have reported, the amounts of understatement, and the percentage of understatement: Net
Net Income
Percentage
Income
Determined
Income
of Under-
Year
Reported
By Respondent
Not Reported
statement
1940
$ 6,584.02
$11,770.46
$ 5,186.44
79
1941
5,592.22
7,292.32
1,700.10
30
1942
13,397.79
33,043.57
19,645.78
147
1943
2,833.17
28,964.73
26,131.56
922
1944 *
3,045.21
14,571.23
11,526.02
378
1945
8,656.04
15,600.84
6,944.80
80
1946
14,612.93
45,020.96
30,408.03
208
1947
28,555.20
43,391.51
14,836.31
52
Petitioner's returns for all the years in issue were fraudulently filed with intent to evade tax. Opinion RICE, Judge: As heretofore noted, petitioner conceded that he understated his income in the amounts determined by respondent. He protests the imposition of the fraud penalty, arguing that the *283 understatements of income were due to his limited education and general ignorance of bookkeeping; his reliance on others to prepare his returns and to show thereon the true amount of his income; that he made no attempt to hide bank accounts or assets or keep false books; and that he never told anybody to conceal income or falsify his returns. The respondent has carried his burden of showing by clear and convincing evidence that petitioner's returns for all of the years in issue were fraudulently filed with intent to evade tax. We have carefully reviewed the entire record with particular consideration for petitioner's testimony that the large understatements of income were due to general ignorance and negligence. In the face of the large amounts of income understated each year throughout the entire 8-year period, we cannot believe that the deficiencies were due to petitioner's ignorance or neglect; we are satisfied that those large and consistent understatements were due to a purposely fraudulent intent to evade taxes. (C.A. 6, 1940). Although petitioner did not personally prepare his returns, he inspected and signed them. We *284 are unable to believe that he did not know that such returns showed only a fraction of his true income. The fact that petitioner split business income between bank accounts maintained for his businesses and a personal account is not an inherently fraudulent practice. We are convinced, however, that petitioner's diversion of income to his personal account became the established plan by which he sought to understate his income and evade the taxes due thereon throughout all of the years in issue. Since we have found that the returns were fraudulently filed with intent to evade tax, we need not decide the second issue. Decision will be entered for the respondent. Footnotes
*. Adjusted Gross Income.↩